IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| JOHN J. JACKSON, | | |
| | Plaintiff, | OPINION and ORDER |
| v. | | 14-cv-89-bbc |
| WISCONSIN STATE,<br>WISCONSIN STATE LIBRARY and<br>CLERK OF SUPREME COURT, | | |
| | Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| JOHN J. JACKSON, | | |
| | Plaintiff, | OPINION and ORDER |
| v. | | 14-cv-94-bbc |
| DEPARTMENT OF HEALTH SERVICES and<br>HILTON HOTELS AND RESORTS, | | |
| | Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| JOHN J. JACKSON, | | |
| | Plaintiff, | OPINION and ORDER |
| v. | | 14-cv-122-bbc |
| BMO HARRIS BANK and<br>MERITER HOSPITAL, | | |
| | Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| JOHN J. JACKSON, | | |
| | Plaintiff, | OPINION and ORDER |
| v. | | 14-cv-123-bbc |
| U.S. CELLULAR and<br>WISCONSIN UNIVERSITY OF WISCONSIN, | | |

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN J. JACKSON,

                    Plaintiff,                    OPINION and ORDER

  v.

                                             14-cv-188-bbc

MADISON COLLEGE and
CENTURY LINK,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN J. JACKSON,

                      Plaintiff,                    OPINION and ORDER

  v.

                                             14-cv-209-bbc

CHIEF JUSTICE STATE SUPREME COURT and
WHITE HOUSE OF USA,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Over the past several weeks, pro se plaintiff John J. Jackson has filed six proposed civil complaints. He has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915 in each of them. The next step is for the court to screen the complaints under § 1915, and any portions will be dismissed that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. Id. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521

(1972). After reviewing plaintiff's complaints, I conclude that each of them must be dismissed.

ALLEGATIONS OF FACT

In all the complaints, plaintiff's allegations and contentions are difficult to understand. In his complaints in case nos. 14-cv-89-bbc through 14-cv-188-bbc, plaintiff seems to be alleging that he is the owner of certain copyrights and that the defendants' business and revenue activities are infringing those copyrights. In some of the exhibits attached to the complaints, plaintiff includes notes stamped by a notary public in which he claims that he is the owner of the rights to use various things including, among others, "(all) animals on earth that people eat," "all railroads use[d] in the USA," "the sky," "water/ use out the river, lake or ocean/marine," "any element/parcel that is in the earth," "the English language," and "the colors black, white, blue and red." E.g., case #14-cv-89-bbc, dkt. #1, ex. #2, at 6; ex. #3, at 2-7. Plaintiff contends that he became the owner of these things in April 2013 and that he is owed rents for their use. He demands money damages and, in some instances, return of his property.

The complaint in case no. 14-cv-209 is an unintelligible complaint about President Barack Obama.

OPINION

Under 28 U.S.C. § 1915(d), courts may dismiss "claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Such claims are those

3

with factual allegations that are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Stated another way, "a claim is factually frivolous if its allegations are bizarre, irrational or incredible." Edwards v. Snyder, 478 F.3d 827, 829 (7th Cir. 2007) (citations omitted). Moreover, § 1915(d) also allows courts to dismiss claims that are legally frivolous. Id. at 830. Such claims are those that "lack[] an arguable basis in law or [are] based on an indisputably meritless legal theory." Id.

Plaintiff's complaints meet both descriptions. Plaintiff cannot own copyrights over such things as animals, water, the sky and colors because copyrights may be granted only for "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). Thus, his claims that businesses and the state government are infringing these alleged copyrights are both factually incredible and legally frivolous. His claims about the President are incoherent and he fails to state any facts that suggest his claims are not frivolous. Plaintiff's complaints will therefore be dismissed.

Furthermore, in anticipation of multiple future complaints from plaintiff, I will direct the clerk of court to route directly to chambers any further pleadings plaintiff files in this court. If the pleading suffers from the same problems as those in the present cases, the pleading will be deemed dismissed without order and given no further consideration. Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997) (sanction "will reduce the

burden of paper-moving and explanation-writing, conserving . . . judicial time for litigants who deserve attention"). If plaintiff's complaint does not contain obviously fanciful allegations and provides sufficient facts about the claims he wishes to bring, I will formally screen the complaint.

As a final note, plaintiff has filed letters in which he complains that the "FBI" (by which I believe he means this court's security officers) have engaged in "foul play" in regard to his papers for these lawsuits. Because plaintiff has failed to explain any way that he or his lawsuits have been harmed by this alleged "foul play," I will not consider the allegations in his letters.

ORDER

IT IS ORDERED that

1. Each of the above captioned cases is DISMISSED as frivolous.

2. The clerk of court is directed to enter judgment for defendants and close each case.

3. The clerk of court is directed to send directly to chambers for review any future complaints filed by plaintiff.

Entered this 26th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge